# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Hartzel Ray Foster,**
**Petitioner Below, Petitioner**

**FILED**

**October 13, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-1000** (Barbour County 16-C-71)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Hartzel Ray Foster, pro se, appeals the October 4, 2016, order of the Circuit Court of Barbour County denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 28, 1978, petitioner killed a woman in connection with "a cocaine deal that had gone sour." *State v. Foster*, 171 W.Va. 479, 480, 300 S.E.2d 291, 292 (1983). Petitioner asserted that he acted in self-defense and, on appeal in *Foster*, we found that the circuit court's circumscription of the defense's impeachment of the State's star witness denied petitioner a fair trial. *Id.* at 480, 300 S.E.2d at 292. Accordingly, we reversed petitioner's first-degree murder conviction and remanded the case for a new trial. *Id.* at 483, 300 S.E.2d at 295. Upon retrial, petitioner was again convicted of first-degree murder and was sentenced to a life term of incarceration without the possibility of parole. Following petitioner's second conviction and sentencing, this Court refused his criminal appeal by order entered on May 14, 1985.

Petitioner subsequently filed a petition for a writ of habeas corpus in the Circuit Court of Barbour County on January 29, 1990, Civil Action No. 90-P-4, alleging that his trial attorneys failed to accept a plea offer that would allow him to plead guilty to second-degree murder. To support this claim, petitioner attached an unsigned, non-notarized affidavit, ostensibly from one of his trial attorneys. That affidavit provided an account of the plea bargaining process prior to petitioner's second trial. The circuit court denied the petition without a hearing or appointment of counsel by order entered on February 2, 1990. The circuit court rejected petitioner's contention

1

that his trial attorneys were ineffective by failing to accept the plea offer, finding that it "was withdrawn ten minutes after having been made." The circuit court concluded as follows: "[Petitioner] previously authorized counsel to accept such an offer if it were the best plea bargain that could be obtained. With such a conditional authorization, this [c]ourt is satisfied that counsel had no obligation to accept such offer without first conferring with [petitioner]."

Petitioner filed a second habeas petition in the circuit court of Barbour County on April 16, 1991, Civil Action No. 91-P-9, and again attached the unsigned affidavit detailing the plea bargaining process prior to his second trial. The circuit court appointed numerous attorneys to represent petitioner but made the last substitution of counsel on February 13, 1997.[1] Thereafter, petitioner's habeas attorney filed an amended habeas petition on July 31, 1997, that was assigned a new case number, Civil Action No. 97-C-34. In the amended petition, petitioner raised the following grounds for relief: (1) that insufficient evidence existed to convict petitioner of first-degree murder; (2) that the State prevented the testimony of petitioner's co-defendant (the State's star witness in the first trial) by threatening him with prosecution if he testified falsely at petitioner's second trial; (3) that the circuit court denied petitioner a fair trial by refusing to give jury instructions regarding self-defense and that the jury could infer that the testimony of petitioner's co-defendant would not rebut petitioner's testimony from the State's failure to call the co-defendant; (4) that petitioner was denied a fair trial because of undue publicity when the circuit court denied his motion for a change of venue; and (5) that petitioner's trial attorneys provided ineffective assistance by (a) failing to call petitioner's co-defendant as a defense witness and (b) failing to inform petitioner of the State's offer to allow him to plead guilty to second-degree murder.

By order entered on July 22, 1998, the circuit court consolidated Civil Action No. 91-P-9 with Civil Action No. 97-C-34 and denied habeas relief. The circuit court noted that it reviewed "the transcripts of all pre-trial proceedings, the transcript of [petitioner's second] trial, the transcript of the post-trial proceedings, and all subsequent matters filed including the 1990 [p]etition for [h]abeas [c]orpus relief in Case No. 90-P-4." Therefore, the circuit court found that there was "no need for oral arguments or [an] evidentiary hearing" and denied petitioner's request for such a hearing.

With regard to petitioner's grounds for relief, the circuit court first found that sufficient evidence existed to support a conviction for first-degree murder. Next, the circuit court found that an attorney was appointed to advise petitioner's co-defendant with regard to Fifth Amendment issues and that, following several in camera hearings, neither the State nor the defense called the co-defendant at petitioner's second trial. The circuit court noted that the State acknowledged on the record that petitioner's co-defendant "would receive immunity and could not be prosecuted for any reason, other than if he committed perjury during his testimony" at petitioner's second trial.

[1]Following the filing of the second habeas petition, the circuit court appointed petitioner an attorney on June 10, 1991, and then substituted counsel on August 26, 1991. There was no further activity in No. 91-P-9 until the circuit court appointed a new attorney for petitioner on February 13, 1997.

Third, the circuit court "reviewed all of the instructions, as well as the objections thereto, and on the basis of which[, found] that the jury was properly instructed by the [c]ourt." Fourth, the circuit court found that petitioner's motion for a change of venue was properly denied, explaining that the trial court addressed the issue of pretrial publicity "prior to trial, during the selection of the jury[,] and again subsequent to trial[,] and each time found that there did not exist a present hostile sentiment against [petitioner]." Finally, the circuit court rejected petitioner's claims that his trial attorneys were ineffective regarding their decision not to call petitioner's co-defendant as a defense witness and regarding the plea bargain process prior to trial. The circuit court found that petitioner's trial attorneys were not deficient under an objective standard of reasonableness and further that "there is no reasonable probability that the result of the proceedings would have been different, but for the actions of counsel, or even if different counsel had been involved."

Petitioner filed a third habeas petition on September 6, 2006, in Civil Action No. 06-C-63, also in the Barbour County Circuit Court. Petitioner (1) raised again the claim that his trial attorneys failed to accept a plea offer that would allow him to plead guilty to second-degree murder; and (2) alleged that his rights to equal protection and due process of law were infringed by the exclusion and/or under-representation of women in the composition of the grand jury. By order entered on October 24, 2006, the circuit court denied petitioner's petition on the ground that his claims were barred by the doctrine of res judicata, finding that petitioner's first ground for relief was previously and finally adjudicated in Civil Action Nos. 91-P-9 and 97-C-34 and that petitioner waived his second ground by failing to raise it in that consolidated proceeding. Petitioner sought review of the circuit court's October 24, 2006, order, but this Court refused his appeal on July 9, 2007.

On February 2, 2010, petitioner filed a fourth habeas petition in the circuit court, Civil Action No. 10-C-12, alleging the following grounds for relief: (1) petitioner's habeas attorney failed to provide effective assistance in the consolidated proceeding in Civil Action Nos. 91-P-9 and 97-C-34 because he failed to request an evidentiary hearing; (2) the State prevented the testimony of petitioner's co-defendant at his second trial by threatening the co-defendant with prosecution for perjury; and (3) petitioner's trial attorneys failed to accept a plea offer that would allow him to plead guilty to second-degree murder. The circuit court denied petitioner's petition by order entered on March 9, 2010. The circuit court first rejected petitioner's contention that his habeas attorney failed to obtain an evidentiary hearing in Civil Action Nos. 91-P-9 and 97-C-34. The circuit court found that the attorney "specifically requested an evidentiary hearing to more fully develop the facts," but that the decision to hold a hearing was the court's to make and the court determined that it was satisfied that petitioner was entitled to no relief.

Second, with regard to the prospect of petitioner's co-defendant testifying at his second trial, the circuit court made findings similar to its findings on this issue in Civil Action Nos. 91-P-9 and 97-C-34. The circuit court found that petitioner's co-defendant was given immunity for any false testimony he had given at the first trial and an attorney was appointed to advise him as to whether he should testify at the second trial. The circuit court further found that neither the State nor the defense chose to call the co-defendant given his continued misgivings about testifying. Finally, the circuit court noted that petitioner first raised the claim that his trial attorneys failed to accept a plea offer that would allow him to plead guilty to second-degree murder in Civil Action

No. 90-P-4. The circuit court found that the previously raised claim was without merit, again finding that petitioner's trial attorneys did not fail to communicate to him a "valid plea offer." Petitioner sought review of the circuit court's March 9, 2010, order in this Court, which refused his appeal on October 20, 2010.

Petitioner filed a fifth habeas petition on July 22, 2016, Civil Action No. 16-C-71, alleging that his habeas attorney was ineffective by failing to raise the following grounds for relief: (1) that the circuit court denied petitioner a fair trial by failing to sequester the jury because of undue pretrial publicity; (2) that petitioner's trial attorneys failed to support a request to sequester the jury with appropriate documentation of the pretrial publicity; (3) that petitioner's trial attorneys failed to accept a plea offer that would allow him to plead guilty to second-degree murder; (4) that petitioner's trial attorneys failed to object to the circuit court's refusal to allow his co-defendant to testify at the second trial; (5) that petitioner's trial attorneys failed to object to multiple errors in the jury instructions; and (6) that the cumulative effect of these errors denied petitioner a fair trial. Petitioner also filed a motion for appointment of counsel based on the decision of the Supreme Court of the United States in *Martinez v. Ryan*, 566 U.S. 1 (2012).[2] By order entered on October 4, 2016, the circuit court denied the petition based on its finding that there were "no meritorious grounds for relief."[3] The circuit court also effectively denied petitioner's motion for appointment of counsel by finding that "counsel [was] not required."

Petitioner now appeals the circuit court's October 4, 2016, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

---

[2]Petitioner contended that the Supreme Court in *Martinez* held that appointment of counsel is constitutionally required in a habeas proceeding where the petitioner claims ineffective assistance of counsel in a prior proceeding, which is a misreading of *Martinez* for reasons we explained *infra*.

[3]In its October 4, 2016, order, the circuit court made specific findings with regard to each ground for relief raised in petitioner's instant habeas petition. We do not set forth those findings because they are substantially similar to those findings made by the circuit court in Civil Action No. 90-P-4, Consolidated Civil Action Nos. 91-P-9 and 97-C-34, Civil Action No. 06-C-63, and Civil Action No. 10-C-12. On appeal, petitioner contends that the circuit court's findings in the October 4, 2016, order were insufficient to deny his instant petition. We reject this contention for the reasons explained *infra*.

4

On appeal, petitioner contends that an evidentiary hearing is necessary to more fully develop the record with regard to the claims that he has consistently raised since his first habeas petition in Civil Action No. 90-P-4. Respondent counters that petitioner has already had a full and fair habeas proceeding and is not entitled to "another bite at the apple." *White v. Haines*, 215 W.Va. 698, 705 n.9, 601 S.E.2d 18, 25 n.9 (2004) (per curiam) (affirming denial of prisoner's second habeas petition, finding that it "is difficult to muster any sound reasoning for giving [him] another bite at the apple"); *see Call v. McKenzie*, 159 W.Va. 191, 194, 220 S.E.2d 665, 669 (1975) (finding that, though a criminal defendant is entitled to due process of law, "he is not entitled to appeal upon appeal, attack upon attack, and *habeas corpus* upon *habeas corpus*"). We agree with respondent.

We find it significant that, in his instant petition, petitioner raises his claims under the guise of ineffective assistance of habeas counsel. In syllabus point 4 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), we held as follows:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

It is not entirely clear whether petitioner claims that the consolidated proceeding in Civil Action Nos. 91-P-9 and 97-C-34 was not an omnibus habeas corpus proceeding because it did not include an evidentiary hearing. *See* Syl. Pt. 2, *id.* at 762, 277 S.E.2d at 608 (holding that an omnibus proceeding is generally comprised of (1) appointment of counsel; and (2) an evidentiary hearing). However, the claim formed the basis of petitioner's petition in Civil Action No. 10-C-12 where he alleged that his habeas attorney was ineffective in Civil Action Nos. 91-P-9 and 97-C-34 because of his failure to request an evidentiary hearing. Contrary to petitioner's contention, the circuit court found that petitioner's habeas attorney "specifically requested an evidentiary hearing to more fully develop the facts," but that the decision to hold a hearing was the court's to make and the court determined that it was satisfied that petitioner was entitled to no relief. The circuit court's finding in Civil Action No. 10-C-12 is supported by earlier findings made in Civil Action Nos. 91-P-9 and 97-C-34. In the consolidated proceeding, the circuit court found that there was "no need for oral arguments or [an] evidentiary hearing" and noted that it had reviewed "the transcripts of all pre-trial proceedings, the transcript of [petitioner's second] trial, the transcript of the post-trial proceedings, and all subsequent matters filed including the 1990 [p]etition for [h]abeas [c]orpus relief in Civil Action No. 90-P-4." Accordingly, given the circuit court's findings that no evidentiary hearing was necessary and that the record in Civil Action Nos. 91-P-9 and 97-C-34 was fully developed, we find that petitioner's habeas proceeding in Civil Action Nos. 91-P-9 and 97-C-34 constituted an omnibus proceeding that triggers the application of the doctrine of res judicata to bar subsequent, successive petitions subject to the exceptions set forth in syllabus point 4 of *Losh*.

In syllabus point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), we held as

follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

The record is replete with findings from all of petitioner's habeas proceedings that are sufficient to explain why his grounds for relief are without merit. Therefore, we reject petitioner's claim that his habeas attorney was ineffective in failing to raise and/or inadequately raising the substantially similar claims petitioner has raised since his first petition in Civil Action No. 90-P-4.[4]

Petitioner further contends that the United States Supreme Court's decision in *Martinez* constitutes "a change in the law, favorable to the applicant, which may be applied retroactively," which is another exception to the doctrine of res judicata. *See* Syl. Pt. 4, *Losh*, 166 W.Va. at 762-63, 277 S.E.2d at 608. Respondent counters that petitioner's contention that appointment of counsel is constitutionally required in the instant case is based on a misreading of *Martinez*. We agree with respondent. In *Martinez*, the Supreme Court reiterated that, as a matter of constitutional law, "there is no right to counsel in collateral proceedings." 566 U.S. at 9.[5] As the Supreme Court's decision in *Martinez* did not hold that appointment of counsel was required in habeas proceedings, we find that petitioner's reliance on that decision is misplaced. Accordingly, we find that the doctrine of res judicata precluded the instant habeas petition as a successive petition. We conclude that the circuit court did not abuse its discretion in denying petitioner's petition and his motion for appointment of counsel.

For the foregoing reasons, we affirm the circuit court's October 4, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** October 13, 2017

---

[4]We also reject petitioner's argument based on the cumulative error doctrine because we concur with the circuit court's finding that there are "no meritorious grounds for relief." *See State v. Trail*, 236 W.Va. 167, 188 n.31, 778 S.E.2d 616, 637 n.31 (2015) (finding that cumulative error doctrine has no application when there is no error).

[5]The Supreme Court in *Martinez* addressed whether a *procedural* rule, known as the doctrine of procedural default, barred a state prisoner from asserting the claim of ineffective assistance of trial counsel in a federal habeas proceeding after his habeas attorney failed to raised it in the earlier state proceeding. 566 U.S. at 4-5.

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker